IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. DAVIS, a.k.a.,
MICHAEL L. HOLMES,

    Plaintiff,                      No. CIV S-04-1390 LKK EFB P

vs.

TERESA S. SCHWARTZ, et al.,

    Defendants.                  <u>FINDINGS AND RECOMMENDATIONS</u>

    Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. He seeks damages and injunctive relief upon the grounds defendant Schwartz violated his right to due process by increasing the amount of payments deducted from his trust account to satisfy the restitution he was ordered to pay as part of a criminal judgment. Defendants have answered the complaint.

    On May 22, 2006, plaintiff filed a motion for a preliminary injunction. He alleges that unidentified prison staff at Corcoran State Prison, where he presently is confined, have engaged in a pattern of denying him access to the law library and legal assistance and he requests an order directing staff at Corcoran State Prison be directed to give him physical access to the law library. Defendants have opposed. Plaintiff filed a reply in which he alleges that staff at Corcoran have denied him adequate medical treatment in retaliation for his having filed lawsuits.

On September 29, 2006, plaintiff filed another motion for a preliminary injunction in which he alleges he has been denied access to necessary legal materials and that medical staff at Corcoran State Prison confiscated medications from him in retaliation for filing this lawsuit.

On October 2, 2006, plaintiff filed yet another motion for a preliminary injunction, several pages of which are identical to the motion filed September 29, 2006. He also mounts a prospective challenge to the new library at Corcoran, identifies individuals who allegedly have interfered with his medical treatment in order to retaliate against him and requests the court to institute criminal proceedings against these individuals. The court has not directed defendant to respond to these motions and finds that they can be resolved without response.

A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).

To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly

favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

For the reasons stated below, plaintiff has not met his burden under this standard and his application for preliminary injunctive relief should be denied.

Plaintiff asserts that his lack of access to a physical law library has violated his right of access to the courts. Prison officials violate this right when they deny necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (Supreme Court precedent recognizes "a right to bring to court a grievance that the inmate wish[es] to present."). Plaintiff has no constitutional right "to litigate effectively once in court." *Lewis*, 518 U.S. at 354.

In the May 22, 2006 motion, plaintiff alleges he suffers from "ongoing and continuing violation of my constitutional rights that has created a pattern of no access to the law library, legal materials, copies of legal document [sic], or legal assistance in over 6 months." He alleges no specific facts concerning his need for this access, his attempts to gain access to constitutionally requried services or materials or how it has been denied. Plaintiff's Declaration at 1. Plaintiff repeatedly alleges he has suffered injury but does not identify any injury cognizable under *Lewis*.

Defendant adduces evidence that the law library has been closed for renovations, including the installation of computers, and that prisoners have had access to copying services, to legal materials, and to research materials through a system by which prisoners request specific cases, statutes and the like but that plaintiff has not requested any services from the law library since May of 2006. Defendant's Exhibit A, at 1-2. Since filing his motion on May 22, 2006, plaintiff has filed a number of documents including an amended complaint, motion for discovery, response to defendant's request for clarification, a pretrial statement, a motion for appointment of counsel, objections to the denial of that motion and two more motions for

preliminary injunctions. Based on defendant's September 20, 2006, request for additional time to respond to interrogatories, the court finds petitioner has been able to conduct discovery in the last six months.

With respect to the allegations of retaliation in plaintiff's reply, September 29, 2006, motion, and October 2, 2006, motion the court cannot grant any relief because plaintiff makes no showing the individuals involved, insofar as he identifies them, either are parties or have acted in concert with parties in an attempt to violate his rights. *See* Fed. R. Civ. P. 64(d); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Furthermore, the court has no authority to institute criminal proceedings and plaintiff makes no new allegations showing he has been or is being denied access to the courts.

For the reasons stated above, this court will recommend that the plaintiff's motions for preliminary injunction be denied.

Finally, plaintiff is hereby admonished as to the further filing of repetitive motions, particularly while the previous motion is still pending. The court can limit the number of motions plaintiff files based upon a finding that he has filed an excessive number of motions or that he repeatedly has filed frivolous motions in a pending action. *See DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990); *see also Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Within the past four and one-half months, plaintiff has filed three motions for preliminary injunctions based upon the same or similar grounds. Upon examination, the court has found that these motions are devoid of factual support and seek relief this court is not authorized to grant. This court's docket is congested, to say the least, and addressing repeated motions upon the same baseless grounds consumes an inordinate amount of time that the court could devote to resolving the merits of this action and others. The court finds that the number and frivolous nature of the motions for preliminary injunctive relief plaintiff has filed since May 21, 2006, is excessive and burdensome. If that motion practice continues, the undersigned will recommend that the district judge restrict the number of such motions plaintiff may file in the future.

1  Accordingly, it hereby is RECOMMENDED that plaintiff's May 22, 2006, September
2  29, 2006, and October 2, 2006, motions for preliminary injunctions be denied.
3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  November 1, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE