IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. DAVIS,

      Plaintiff,                        No. CIV S-04-1390 LKK EFB P

      vs.

TERESA A. SCHWARTZ, et al.,

      Defendants.              <u>ORDER</u>

_____/

      Plaintiff is a prisoner, without counsel, suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Defendant has filed a motion for additional time to file a dispositive motion. In the July 28, 2006, schedule, this court established December 21, 2006, as the date by which dispositive motions must be filed. Therefore, the court construes defendants' motion as one to modify the schedule.

      A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he or she cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In her motion filed December 21, 2006, the day before she should have filed a dispositive motion, defendant asserts that she could not timely file a dispositive motion because counsel has not obtained a necessary declaration. The motion notes that in the week before

December 21 counsel for defendant filed dispositive motions in two other cases, and further notes that counsel will be out of the office for several days over the holidays. However, the motion neither cites the applicable standard nor attempts to relate that standard to defense counsel being busy with other cases with an explanation of why that qualifies under the required showing. To obtain an extension of time beyond that set in a scheduling order, the moving party must explain what she has done to meet the deadline. Here, defendant asserts, without explanation, that her counsel has not marshaled crucial evidence and that counsel has been busy for at least a week before the impending deadline, and that counsel plans to take time off from work *after* the dispositive motion should have been filed.

Finally, this court has no rule that automatically suspends the time to act once a party files a request for additional time. Merely submitting a request does not, itself, modify the due date. Therefore, by filing her motion to modify the schedule the day before she should have filed a dispositive motion, defendant effectively disobeys the scheduling order. This order serves as an admonition that counsel must timely seek extensions or modifications and until such time as an order is entered granting any such modification, the parties must comply with existing schedule. *See* L.R. 11-110.

Defendant has failed to make the showing required to modify the schedule and failed to comply with the July 28, 2006, scheduling order. Nevertheless, in the interest of managing its docket and possibly eliminating or narrowing issues for trial, the court will extend the time to file a dispositive motion.

Defendant shall have 15 days from the date this order is served to file a dispositive motion. The court does not intend to extend this time.

So ordered.

Dated: December 28, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE