1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES L. DAVIS,

11              Plaintiff,              No. CIV S-04-1390 LKK EFB P

12        vs.

13   TERESA A. SCHWARTZ, et al.,

14              Defendants.             <u>ORDER</u>

15   _____/

16        Plaintiff is a prisoner, without counsel, prosecuting this civil rights action on the claim

17   that defendant Schwartz violated plaintiff's due process rights by incrementally increasing

18   deductions from his prison trust account to make restitution payments.  Pursuant to Fed. R. Civ.

19   P. 37(a)(2)(B), plaintiff moves to compel defendants to respond to requests for production of

20   documents.  Defendants oppose.

21        Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

22   claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information sought need not be

23   admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible

24   evidence.  *Id.*  The court may limit discovery if it determines that the discovery sought is

25   unreasonably cumulative or obtainable from a more convenient or less expensive source, the

26   party seeking discovery had ample opportunity to obtain the information sought, or the burden

1   or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).  A

2   party has a continuing duty to supplement, correct or amend discovery responses if the court so

3   orders or if the party learns the responses were in some material respect incorrect or incomplete

4   and the information has not otherwise been made available to other parties.  Fed. R. Civ. P.

5   26(e)(2).

6        Any party may request any other party produce for inspection documents including

7   writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting

8   party must identify "with reasonable particularity" the items to be produced and the party upon

9   whom the request is made must make a written response stating that inspection will be permitted

10  as requested, unless the party objects and states the basis therefor.  Fed. R. Civ. P. 34(b).

11       A party may move for an order compelling discovery with respect to objections or other

12  failure to respond to requests to produce documents.  Fed. R. Civ. P. 37(a)(2)(B), 34(b).

13       Here, plaintiff's specific requests are addressed below.

14  <u>Request Number 1</u>

15       Identify and attach a copy of all the information records and documents
    that directly relate to the increase in restitution fine percentage rate payments and
16  administration fee percentage rate increases in payments, since January 7, 2000,
    from and including if applicable, the legislature, down to any other state agencies
17  that had direct involvement in the percentage rate increases of restitution fine
    payments, and administration fee increases in payments, also the names of the
18  supervisors of these agencies that are in charge of the agency, department, and or
    office involved in this request.
19

20       Defendant objects that the request is compound and incomprehensible, but construes the

21  request as seeking records of plaintiff's trust account activity.  In response to the request, so

22  construed, defendant asserts that only records for 2006 are available and has produced two

23  computer-generated reports.  One report is dated September 15, 2006, and shows detailed

24  activity for 2006, including a single restitution deduction.  Opp'n at Attach. 1.  The other report,

25  also dated September 15, 2006, is a summary of plaintiff's trust account activity for 2006.

26  Opp'n at Attach. 1.  Plaintiff asserts that these reports are unrelated to his request.

1    The party seeking documents must describe what documents or things he seeks with such

2   specificity such that a reasonable person could identify them given the facts and circumstances

3   of the case. *Mitsui & Co. (U.S.A.) Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72,

4   82 (D.C. Puerto Rico, 1978); *United States v. National Steel Corp.*, 26 F.R.D. 607, 610 (S. D.

5   Tex. 1960).  Plaintiff claims that the defendant violated his right to due process by incrementally

6   increasing his restitution payments without an order from the sentencing court.  Plaintiff's

7   request is not a model of clarity and he does not offer any further explanation in his motion to

8   compel.  The court finds the request reasonably can be construed to request records reflecting all

9   trust account activity related to restitution payments and all information regarding the

10   percentages withheld from January 7, 2000, to the present.

11    Defendant's response to the request for trust account activity satisfies Rule 34.  She

12   produced what records are available and acknowledged her duty to produce any records she

13   locates in the future.  *See* Fed. R. Civ. P. 26(e).  However, defendant does not appear to have

14   addressed the request  for documents relating to the percentages of his earnings which have been

15   deducted for restitution.  Therefore, defendant's objection is overruled in this regard, and

16   defendant must supplement this response.

17   <u>Request Number 2</u>

18    Identify and attach a copy of all penal code sections amendments, and certificates
     of compliance that was sent to the office of Administrative Law Relating to
19    restitution fine percentage rate increases, and administration fee rate increases,
     and any emergency regulation packages, relating to California Code of
20    Regulation, Title 15, Section 3097.  The Penal Code Sections that relate to and is
     identified as relating to restitution fine percentage rate increases and
21    administration fee percentage rate increases, dated from and including the laws in
     effect on January 7, 2000 up and until the current date of now, on all requested
22    documents.

23    Defendant objects that plaintiff seeks legal materials that are available through legal

24   research and seeks information that is outside the scope of discovery.  She asserts that there is no

25   factual dispute that makes the documents sought either admissible at trial or reasonably likely to

26   lead to admissible evidence.  Nonetheless, defendant attaches a copy of section 3907 of Title 15

of the California Code of Regulations and a copy of section 2085.5 of the California Penal Code which went into effect in 2004, which govern the percentages of deposits and amounts of administrative fees that must be deducted from deposits to a prisoner's account to pay restitution. Plaintiff asserts that the response does not produce what he seeks.

Defendant need not produce copies of statutes and regulations that are available to plaintiff through the prison law library. The purpose of discovery is to learn facts, including those that could evidence or lead to evidence of a genuine dispute of material facts. *See* Fed. R. Civ. P. 26(b), 56(c). While it appears clear to the parties what plaintiff means by "certificates of compliance sent to the office of administrative law relating to restitution fine percentage rate increases," it is not clear to the court. The court understands these to be documents demonstrating that prison wardens complied with the law requiring increased deductions. Assuming this to be the case, it is not clear why plaintiff needs documents demonstrating overall compliance when the court has directed defendant to produce documents demonstrating that the increases were applied to him specifically. Based on the information before the court, it appears that the request seeks information outside the scope of discovery. Defendant's objections are sustained. *See* Fed. R. Civ. P. 26(b)(1); *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).

Request Number 3

Identify and attach a copy of any and all rules, regulations, policies, and duties relating to the restitution fine payments and administration fee payments, of the office of director of institutions division, and office of director of victim services and restitution, their names and the names of staff directly involved in implementation of restitution fines increases and administration fee increases [directors names, and supervisory staff names] from January 7, 2000, to the date that is currently now.

Defendant objects that the request seeks documents available through legal research, documents that do not exist, documents not available to defendant and documents that are outside the scope of discovery. She also objects that plaintiff's request for the names of persons

1   who administer the program is an interrogatory.  She produces documents concerning the

2   California Department of Corrections and Rehabilitations' administration of the restitution

3   program.  Plaintiff asserts that defendant has not produced all documents responsive to the

4   request.

5         Again, defendant need not produce regulations published in the California Code of

6   Regulations if they are available to plaintiff in the law library.  Moreover, plaintiff's request for

7   names is contained in an interrogatory and the information cannot be compelled under Rule 34.

8   However, it is not clear to the court which documents do not exist, which are not available, or

9   which are outside the scope of discovery.  Accordingly, defendant's objections are sustained as

10   to the regulations and the form of the request, but the court reserves ruling on the last three

11   objections.  Defendants must supplement their response either by producing the documents or by

12   filing and serving objections articulating with specificity the bases therefor.

13   <u>Request Number 4</u>

14       Identify and attach a copy of all the information records and documents that
        directly relate to the increase in restitution fine percentage rate payments and

15      administration fee percentage rate increases in payments, since January 7, 2000,
        from and including if applicable, the legislature, down to any other state agencies

16      that had direct involvement in the percentage rate increases of restitution fine
        payments and administration fee increases in payments.  Also the names of the

17      supervisors of these agencies that are in charge of the agency, department, and or
        office involved in this request.

18

19         Defendant objects that plaintiff requests defendant to conduct legal research, is

20   compound, is an interrogatory, requests documents that do not exist, requests documents that are

21   not available to defendant and seeks documents that are outside the scope of discovery.  Plaintiff

22   asserts that defendant has not produced all the documents he seeks.

23         Defendant's objections are sustained.  This action concerns the application to plaintiff of

24   a statute governing increased restitution withholdings.  The request seeks documents relating to

25   the legislative decision to increase the withholding.  That decision has nothing to do with the

26   statute's impact on plaintiff, and the request is not reasonably calculated to lead to the discovery

1   of information about such an impact.  Therefore, the request seeks information outside the scope

2   of discovery.  *See* Fed. R. Civ. P. 26(b)(1); *See, Hallett*, 296 F.3d at 751 (district courts have

3   broad discretion to decide questions of relevance for purposes of discovery).

4        Request Number 5

5        Identify and attach a written copy of Penal Code Section 1202.4(b) as it was
         written January 7, 2000.  Also identify and attach a written copy of any changes
6        to the above penal code 1202.49b), whether it is to that specific penal code
         section, or a new penal code section that directly changes or effects the substance
7        of Penal Code section 1202.4(b), as it was written and applied on January 7, 2000.

8        Defendant objects that the request seeks documents obtainable through legal research.

9   Without waiving the objection, she attaches the version of section 1202.4 that became effective

10  in August of 2004, and refers plaintiff to the California Penal Code for legislative history.

11  Plaintiff asserts that defendant has not produced all documents responsive to the request.

12       Defendant is not required to produce legal material that is available to plaintiff through

13  the law library.  This objection is sustained.

14       Accordingly, it is ORDERED that plaintiff's October 25, 2006, motion to compel is

15  granted in part and denied in part as follows:

16       1.  Plaintiff's motion to compel documents showing the percentages of his earnings that

17  have been deducted for restitution from January 7, 2000, to the present is granted;

18       2.  The court reserves ruling on defendants' objections that plaintiff's Request Number 3

19  seeks documents that do not exist, which are not available, or which are outside the scope of

20  discovery.

21       3.  In all other respects, plaintiff's motion to compel is denied;

22       4.  Defendant shall have 30 days from the date this order is signed to serve on plaintiff

23  supplemental responses as directed in this order.  Supplemental objections to plaintiff's Request

24  ////

25  ////

26  ////

1  Number 3, as permitted in this order, must be served on plaintiff and filed as a supplemental

2  opposition to plaintiff's motion to compel.

3  Dated:   December 28, 2006.

4

5                                     EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26