1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES L. DAVIS, a.k.a.,
     MICHAEL L. HOLMES,
11
              Plaintiff,                No. CIV S-04-1390 LKK EFB P
12
         vs.
13

14   TERESA A. SCHWARTZ,
                                        ORDER AND
15            Defendant.                FINDINGS AND RECOMMENDATIONS

16   _____/

17        Plaintiff is a prisoner without counsel suing for alleged civil rights violations.  *See* 42

18   U.S.C. § 1983.  This action proceeds on the December 20, 2004, amended complaint in which

19   plaintiff claims that defendant Schwartz assumed a judicial function by implementing a

20   restitution payment schedule that the sentencing court did not itself impose.  In particular,

21   plaintiff claims the following: (1) defendant's imposition of a fee to collect and distribute a $100

22   fine imposed for a 1992 conviction violated the *Ex Post Facto* Clause; (2) increasing the

23   percentage deducted from deposits to his trust account in order to satisfy a restitution fine of

24   $10,000 for a crime committed in 1997 constituted application of an *ex post facto* law; (3)

25   charging an administrative fee for collecting and distributing payments for the $10,000

26   restitution fine constituted application of an *ex post facto* law; (4) increasing the percentage

                                          1

1  deducted from deposits to his trust account to satisfy the restitution fine for the 1997 offense

2  violated his right to procedural due process; and (5) charging an administrative fee to collect and

3  distribute this restitution fine violated due process.  The case is currently before the court on

4  defendant's motion for summary judgment and plaintiff's motion for leave to again amend his

5  complaint.  For the reasons explained below, the court finds that the request to amend to add two

6  new defendants is untimely, and ultimately would be futile.  The court further finds that there is

7  no genuine issue for trial and that defendant's motion for summary judgment must be granted.

8  **I.  Motion for Discovery**

9        Pursuant to Fed. R. Civ. P. 37(a)(2)(B), plaintiff moves to compel defendant to respond

10  to requests for production of documents.  Parties may obtain discovery regarding any matter, not

11  privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).

12  Information sought need not be admissible at trial if the discovery is reasonably calculated to

13  lead to the discovery of admissible evidence.  *Id.*  The court may limit discovery if it determines

14  the discovery sought is unreasonably cumulative or obtainable from a more convenient or less

15  expensive source, the party seeking discovery had ample opportunity to obtain the information

16  sought, or the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R.

17  Civ. P. 26(b)(2).  A party has a continuing duty to supplement, correct or amend discovery

18  responses if the court so orders or if the party learns the responses were in some material respect

19  incorrect or incomplete and the information has not otherwise been made available to other

20  parties.  Fed. R. Civ. P. 26(e)(2).

21        Any party may request any other party produce for inspection documents including

22  writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting

23  party must identify the items to be produced and the party upon whom the request is made must

24  make a written response stating that inspection will be permitted as requested, unless the party

25  objects and states the basis therefor.  Fed. R. Civ. P. 34(b).

26  ////

1   Here, plaintiff's first request for documents states:

2   Identify and attach a written copy of the complete prison restitution fine records
    payments and all deductions, and all administration fee payments records, of the
3   plaintiff James L. Davis, dating from January 7, 2000 to the current date of now,
    with the dates of each applied increase, in the restitution percentage rate
4   payments, that was above the 20%-22% rate established on January 7, 2000,
    along with the same information about the administration fee records.
5

6   Plaintiff's second request for documents states:

7   Identify and attach a copy of all penal code sections amendments, and certificates
    of compliance that was sent to the office of administrative law relating to
8   restitution fine percentage rate increases, and administration fee rate increases,
    and any emergency regulation packages, relating to California Code Regulation,
9   Title 15, section 3097.  The penal code sections that relate to an is identified as
    relating to restitution fine percentage rate increases and administration fee
10  percentage rate increases, dated from and including the laws in effect on January
    7, 2000 up and until the current date of now, on all requested documents.
11

12  Defendant responds that she has produced all documents she could identify as responsive to

13  these requests.  She attaches them to her opposition.  Plaintiff has not contested this assertion.

14  Accordingly, the motion is denied as to these requests.

15   Plaintiff's third request states:

16  Identify and  attach a copy of any and all rules, regulations, policies, and duties
    relating to the restitution fine payments and administration fee payments, of the
17  office of director of institutions division, and office of director of victim services
    and restitution, their names and the names of staff directly involved in
18  implementation of restitution fines increases and administration fee increases
    [directors names, and supervisory staff names] from January 7, 2000, to the date
19  that is currently now.

20  Defendant objects that the names that plaintiff seeks are outside the scope of discovery.  The

21  court has reviewed the record, including the motion for summary judgment and the opposition

22  thereto, and finds that the objection is well-taken.  Defendant's objection is sustained.  *See* Fed.

23  R. Civ. P. 26(b)(1); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have

24  broad discretion to decide questions of relevance for purposes of discovery).

25   Defendant further objects that she otherwise has identified and produced the documents

26  responsive to this request, and she has attached them to her opposition to the motion to compel.

1   This objection is sustained.

2       Plaintiff's fourth request states,

3       Identify and attach a copy of all the information records and documents that
        directly relate to the increase in restitution fine percentage rate payments and
4       administration fee percentage rate increases in payments, since January 7, 2000,
        from and including if applicable, the legislature, down to any other state agencies
5       that had direct involvement in the percentage rate increases of restitution fine
        payments, and administration fee increases in payments.  Also the names of the
6       supervisors of these agencies that are in charge of the agency, department, and or
        office involved in this request.

7

8   Defendant objects that this request seeks documents that are outside the scope of discovery.  She

9   asserts that the facts in this action are not in dispute and that the information sought would not

10  create any material dispute.  This objection is sustained.  *See* Fed. R. Civ. P. 26(b)(1); *Hallett v.*

11  *Morgan*, 296 F.3d at 751.   Defendant also objects that she has produced copies of the relevant

12  regulations.  This objection is sustained.

13      Plaintiff's fifth request states,

14      Identify and attach a written copy of penal code section 1202.4(b) as it was
        written January 7, 2000.  Also identify and attach a written copy of any changes
15      to the above penal code section 1202.4(b), whether it is to that specific penal code
        section, or a new penal code section that directly changes or effects the substance
16      of penal code section 1202.49b), as it was written and applied on January 7, 2000.

17  Defendant objects that she is not obliged to perform legal research for plaintiff.  Parties may

18  conduct discovery to obtain factual information.  *See* Fed. R. Civ. P. 26-36.  Plaintiff seeks the

19  law he believes is necessary to litigate this action.  This is not a proper discovery request.  The

20  objection is sustained.

21      Plaintiff's sixth request states,

22      Identify and attach a numbered label to each specific document as associated with
        the request within numbered 1 through 5 in this document, for the purpose of
23      identifying the documents with the within numbered request.

24  Defendant Schwartz objects that this is not a request for production of documents, but rather a

25  request for a particular organization thereof.  A party producing documents must "produce them

26  as they are kept in the usual course of business or shall organize and label them to correspond

4

with the categories in the request."  Fed. R. Civ. P. 34(b)(I).  Plaintiff makes no showing that

defendant failed to comply with this requirement.  Defendant's objection is sustained.

For these reasons, plaintiff's motion to compel discovery is denied.

The court next addresses the defendant's motion for summary judgment.

**II. Motion for Summary Judgment**

**A. Facts**

At all times relevant to this action, plaintiff was a prisoner within the California

Department of Corrections and Rehabilitation confined at the California Medical Facility, where

defendant Schwartz was the warden.

On December 14, 1992, plaintiff was convicted for an offense in the Santa Clara County

Superior Court (case # 160460)  for which he was ordered to pay restitution in the amount of

$100.  Defendant's Statement of Undisputed Facts (DSUF), Ex. A at 8; Pl.'s Opp'n., Ex. A,

Attach. 2.  Deductions were taken from deposits to plaintiff's trust account, but no administrative

fee was charged.  DSUF, Exh. B; Pl.'s Opp.'n, Ex. A, Attach. 2.  There is no evidence presented

to establish the date of the offense for which plaintiff was convicted.

In 1997, plaintiff engaged in activities for which he was charged with and tried for

criminal offenses in the Santa Clara County Superior Court, case number 204602.  DSUF, Ex. A

at 2-3.  As a result, on January 7, 2000, he was convicted of one count of first degree burglary

and one count of attempted first degree burglary, and was sentenced to 90 years to life in prison

with the possibility of parole.  *See* Cal. Pen. Code §§ 459, 460(A), 664, 667(b)-(I); DSUF, Ex. A,

at 2.  The trial court imposed a $10,000 restitution fine pursuant to section 1202.4(b) of the

California Penal Code, payable "forthwith" as required by section 2085.5 of the California Penal

Code.  *Id.* at 3.  It also imposed a $10,000 restitution fine pursuant to section 1202.45, but

ordered it "suspended unless parole is revoked."  *Id.*  The court also ordered direct restitution to

Linda Marsh in the amount of $357.20.  *Id.*  As of January 12, 2007, a total of $221.67 had been

withheld for payment of $10,000 fine imposed pursuant to Cal. Pen. Code § 1202.4(b), with an

additional $22.16 in administrative fees.  DSUF, Ex. B.  As of that date, no payments for the

direct restitution to Linda Marsh had been withheld from deposits to plaintiff's trust account.  *Id.*

**B.  Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine issue of material fact and the

movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v.

Catrett*, 477 U.S. 317, 322 (1986).[1]  The utility of Rule 56 to determine whether there is a

"genuine issue of material fact," such that the case must be resolved through presentation of

testimony and evidence at trial is well established:

> [T]he Supreme Court, by clarifying what the non-moving party
> must do to withstand a motion for summary judgment, has
> increased the utility of summary judgment. First, the Court has
> made clear that if the nonmoving party will bear the burden of
> proof at trial as to an element essential to its case, and that party
> fails to make a showing sufficient to establish a genuine dispute of
> fact with respect to the existence of that element, then summary
> judgment is appropriate.  *See Celotex Corp. v. Catrett*, 477 U.S.
> 317 (1986).  Second, to withstand a motion for summary judgment,
> the non-moving party must show that there are "genuine factual
> issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party."
> *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis
> added).  Finally, if the factual context makes the non-moving
> party's claim implausible, that party must come forward with more
> persuasive evidence than would otherwise be necessary to show
> that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v.
> Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be
> argued that *any disagreement* about a material issue of fact
> precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert.

denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no

"genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will

---

[1] On April 11, 2006, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1    bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236,

2    239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).  There can be no genuine issue as to any

3    material fact where there is a complete failure of proof as to an essential element of the

4    nonmoving party's case because all other facts are thereby rendered immaterial.  *Celotex,* 477

5    U.S. at 323.

6         With these standards in mind, it is important to note that plaintiff bears the burden of

7    proof at trial over the issues raised on this motion, i.e., whether the defendant enforced an *ex post*

8    *facto* law or violated plaintiff's right to due process. Therefore, to withstand defendant's motion,

9    plaintiff may not rest on the mere allegations or denials of his pleadings.  He must demonstrate a

10   genuine issue for trial.  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989).  He

11   must rely on evidence based upon which a fair-minded jury "could return a verdict for [him] on

12   the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

13   **III.  Analysis**

14        "As to materiality, the substantive law will identify which facts are material.  Only

15   disputes over facts that might affect the outcome of the suit under the governing law will

16   properly preclude the entry of summary judgment." *Id.* at 248.  Here, plaintiff's action arises

17   under 42 U.S.C. Section 1983 and the prohibition against *ex post facto* laws contained in Article

18   I, § 10 of the Constitution, and the Due Process Clause of the Fourteenth Amendment.  To

19   prevail at trial, he must prove that the defendant deprived him of his rights while acting under

20   color of state law.  To prove a violation of the *Ex Post Facto* clause, plaintiff must prove by a

21   preponderance of the evidence that the statute pursuant to which restitution was collected and a

22   fee was charged was passed after the date he committed the offenses of which he was convicted.

23   *See Calif. Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (outlining elements of *ex post*

24   *facto* claim).  To prevail on his claim that his right to due process was violated, he must prove

25   that in light of the property interest at stake, he was not afforded adequate process to protect

26   against an erroneous deprivation of that interest.  *See County of Sacramento v. Lewis*, 523 U.S.

833, 845 (1998); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).  As discussed below, plaintiff has failed to establish a genuine dispute for trial over this material issue.

### A.  Ex Post Facto

As stated above, plaintiff claims that (1) defendant's imposition of a fee to collect and distribute a $100 restitution fine imposed for a crime committed in 1992 violates the *Ex Post Facto* Clause; and, (2) increasing the percentage deducted from deposits to his trust account in order to satisfy a restitution fine for a crime committed in 1997 constituted application of an *ex post facto* law.   The *Ex Post Facto* Clause is a limitation on legislative power that forbids passage and application of laws that retroactively either alter the definition of crimes, thereby increasing punishment therefor, or increase the punishment for criminal acts.  *Garner v. Jones*, 529 U.S. 244, 250 (2000);  *Calif. Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995); *Marks v. United States*, 430 U.S. 188, 191 (1977); *Johnson v. Gomez*, 92 F.3d 964, 968 (9th Cir. 1996).  A change in law is retrospective if a statute and procedures in place at the time of sentencing presume more onerous punishment than the statute in place when a crime is committed.  *Miller v. Florida*, 482 U.S. 423,  430-431 (1987) (change to sentencing guidelines making presumptive sentence two years longer than under guidelines in effect when offense committed violates *ex post facto* clause).  In California, a restitution fine is considered to be part of the penalty imposed upon conviction of a crime for purposes of the *Ex Post Facto* Clause.  *People v. Saelee*, 35 Cal.App.4th 27, 30 (Cal. App. 1995).

The court first considers plaintiff's allegations with respect to the $100 restitution imposed in 1992.  As noted above, a restitution fine is punishment for purposes of the *Ex Post Facto* Clause.  Plaintiff does not allege when he committed the offense resulting in this punishment, and there is no evidence to clarify this point.  The court cannot determine whether the amounts deducted were pursuant to a statute enacted after he committed the offense.  The court finds that an essential element of plaintiff's claim, i.e., retrospective effect of a statute, is

1   neither alleged nor evidenced in the record.  Thus, plaintiff fails to establish that the imposition

2   of $110 in restitution in 1992 violates the *Ex Post Facto* clause.

3          Next, plaintiff claims that the increased deductions from his trust account deposits to

4   satisfy the $10,000 restitution fine imposed in 2000 for the offense committed in 1997 also

5   violates the *Ex Post Facto* Clause.  This claim fails as well.  In 1997, when plaintiff committed

6   the acts for which a $10,000 restitution fine was imposed pursuant to Cal. Pen. Code §1202.4(b),

7   California law provided, in relevant part:

8          In any case in which a prisoner owes a restitution fine imposed pursuant to . . .
           subdivision (b) of Section 1202.4, the Director of Corrections shall deduct a
9          minimum of 20 percent or the balance owing on the fine amount, whichever is
           less, up to a maximum of 50 percent from the wages and trust account deposits of
10         a prisoner, unless prohibited by federal law, and shall transfer that amount to the
           State Board of Control for deposit in the Restitution Fund in the State Treasury.

11

12  Cal. Pen. Code § 2085.5(a) (West Supp. 1997).  Plaintiff asserts that initially, deductions of 22%

13  of the deposits were made to satisfy the restitution fine, and later they were increased to 33%.   It

14  is undisputed that the court made this order pursuant to § 1202.4(b).  The version of the statute in

15  effect in 1997, when plaintiff committed the offense, clearly permitted deductions of 20% to

16  50% of the deposits to his account.  The range of deductions plaintiff alleges fall within what the

17  statute permitted.  Thus, it appears that the deductions were made pursuant to the same version

18  of the statute throughout the time period in question.  No reasonable jury could find that the

19  larger deductions constituted a retrospective application of a statute which increased the

20  punishment for his crime.  Therefore, defendant Schwartz is entitled to judgment as a matter of

21  law.

22         Plaintiff claims that charging an administrative fee for collecting and distributing

23  payments for the $10,000 restitution fine violated the *Ex Post Facto* Clause.  The statute in effect

24  at the time plaintiff committed the offense provided, in relevant part:

25         The director shall deduct and retain from the wages and trust account deposits of
           a prisoner, unless prohibited by federal law, an administrative fee that totals 10
26         percent of any amount transferred to the State Board of Control pursuant to

1      subdivision (a) or (b).

2  Cal. Pen. Code § 2085.5(c) (West Supp. 1997).  This statute clearly permitted in 1997 what

3  plaintiff alleges to have been unconstitutional: charging a 10% administrative fee for the

4  deduction and distribution of the restitution fine.  There clearly was not a retrospective

5  application of this provision and this claim fails as well.

6      **B.  Due Process**

7      As stated above, plaintiff makes claims that increasing the percentage deducted from

8  deposits to his trust account to satisfy the restitution fine for the 1997 offense, and charging an

9  administrative fee to collect and distribute this restitution fine violates due process.

10      With respect to the first part of this claim, plaintiff asserts that without an order from the

11  sentencing court modifying the payment schedule, the increase was made without notice and an

12  opportunity to be heard.  "[T]he touchstone of due process is protection of the individual against

13  arbitrary action of government."  *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998)

14  (quoting *Wolf v. McDonnell*, 418 U.S. 539, 558 (1974)).  The first step in assessing a due process

15  claim is to identify the liberty interest at stake.  *See Board of Regents of State Colleges v. Roth*,

16  408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the

17  deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and

18  property.").  The process due in any given situation requires a balancing of the private interest at

19  stake, the risk of an erroneous deprivation thereof through the procedures used, and the

20  additional cost and administrative burdens that more process would entail.  *Mathews v. Eldridge*,

21  424 U.S. 319, 335 (1976).  Plaintiff clearly has a protected interest in money deposited to his

22  trust account.  But, at the time plaintiff committed the offense for which he was convicted,

23  California statute *required* the sentencing judge to impose a restitution fund fine on any person

24  convicted of a crime unless it made a finding of "compelling and extraordinary reasons for not

25  doing so, and states those reasons on the record."  Pen. Code § 1202.4(b) (West Supp. 1997).

26  ////

1   The order of judgment and sentence clearly imposes a restitution fine and states that it must be

2   collected and paid pursuant to sections 1202.4(b) and 2085.5 of the California Penal Code.

3   While section 2085.5(a) states that anywhere from 20% to 50% of the deposits to a prisoner's

4   trust account may be deducted for restitution payments, neither this section nor section 1204.4(b)

5   creates a schedule of percentages to be deducted.  Plaintiff has not submitted any evidence that

6   the sentencing court made any sort of payment schedule.  Plaintiff submits no evidence that he or

7   his trial attorney objected to payment as provided by the statutes generally or that they requested

8   and obtained an order directing a particular percentage of deposits be withdrawn and no more.

9   Thus, plaintiff had statutory notice that anywhere from 20% to 50% of the deposits to his trust

10  account would be deducted to satisfy the restitution fine.  *See* Cal. Pen. Code § 2085.5(a) (West

11  Supp. 1997).  There is no evidence of even ths slightest risk that the procedures used either have

12  resulted or will result in an erroneous deprivation, i.e., a deprivation beyond the maximum

13  restitution fine ordered.  Nor is there any evidence that the cost of having the sentencing court

14  issue a new order every time the amount deducted changes would protect against whatever risk

15  of an erroneous deprivation might exist  No reasonable jury could find in plaintiff's favor on this

16  evidence.  Therefore, defendant Schwartz is entitled to judgment as a matter of law.

17       For like reason, plaintiff's claim that the imposition of an administrative fee to collect

18  and distribute the restitution fine violated due process must fail.  At the time of sentencing, the

19  law required payment of an administration fee for collection and distribution of restitution fines.

20  Cal. Pen. Code § 2085.5(c) (West Supp. 1997).  The order of judgment and sentence cites §

21  2085.5.  Plaintiff offers no evidence that he had no counsel at the time of sentencing or that he

22  was not informed of this fee.  On the evidence before the court, no reasonable jury could find in

23  plaintiff's favor.  Defendant Schwartz is entitled to judgment as a matter of law on this claim.

24  ////

25  ////

26  ////

11

**IV.  Motion to Amend**

After the filing of the motion for summary judgment, plaintiff filed a request for leave to amend his complaint to add as defendants Sandi Menefee, described by plaintiff as the Director of the Office of Victim Service and Restitution, and Chery Pliler, described by plaintiff as the Director of Institutions Divisions.  The request seeks to assert the same claims discussed above as to these new defendants.

Federal policy regarding the amendment of pleadings is liberal:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amen amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and eave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  Where, as here, a responsive pleading has been filed, the following factors are relevant in determining whether to permit a party to amend a pleading: (1) whether amendment would be futile; (2) bad faith; (3) undue delay; and (4) undue prejudice to the opposing party resulting from permitting the amendment. *AmericourceBergen Corp v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  Futility alone can justify the denial of leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Here, plaintiff does not assert any additional factual allegations against these two defendants.  Rather, he simply asserts in the request to amend that they were involved "directly and or indirectly" in the "violations cited within, as responsable [sic] staff."  Thus, any claims against these two individuals would ultimately fail for the same reasons discussed above in concluding that summary judgment must be granted to the defendant.  Therefore, adding these parties would be futile and plaintiff's motion to add these defendants must be denied.

Plaintiff also seeks to add defendants Dr. Ramen, Nurse Clair Solis, Nurse Mrs. Johnson, Chief Medical Officer V. Sanchez.  While he makes no specific allegations against these individuals, also, he appears to claim that they violated his Eighth Amendment right to adequate

medical care.  A district court may deny leave to file an amended complaint where a plaintiff substantially delays seeking leave to amend to assert "an entirely new theory of liability which was inconsistent with the original complaint," and fails to articulate some justification for the delay.  *Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118, 121 (9th Cir. 1988).  Plaintiff's initial complaint contained no cause of action against these defendants or about the adequacy of the health care he was receiving.  The court has reviewed the complaint and can find no explanation for waiting so long to move to add these defendants and claims.  The court declines to permit plaintiff at this late date to add entirely new defendants based on an entirely new cause of action, none of which appropriately would have been joined in the initial complaint.   *See* Fed. R. Civ. P. 20(a); *League to Save Lake Tahoe v. TRPA*, 558 F.2d 914, 917 (9th Cir. 1977) (defendants properly are joined in one action when plaintiff asserts against each defendant a right to relief "relating to or arising out of the same transaction or occurrence," and claims "some question of law or fact common to all the parties that will arise in the action.").  The court finds that both the delay and the futility of adding these defendants and claims justify denying plaintiff's motion to amend the complaint.

**V.  Conclusion**

For the reasons stated, it is hereby ORDERED that plaintiff's November 8, 2006, motion to compel discovery is denied.

Further, it is hereby RECOMMENDED that:

1.  Plaintiff's October 20, 2006, motion for leave to file an amended complaint be denied;

2.  Defendant's January 16, 2007, motion for summary judgment be granted and that judgment be entered in her favor; and

3.  The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   August 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE