IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. DAVIS,

      Plaintiff,                        No. CIV S-04-1390 LKK EFB P

      vs.

TERESA A. SCHWARTZ,

      Defendant.                 <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. He proceeds without counsel on appeal of this court's order adopting the magistrate judge's August 29, 2007, findings and recommendations to grant defendant's motion for summary judgment. The complaint alleged that defendant Schwartz assumed a judicial function by implementing a restitution payment schedule that the sentencing court did not itself impose. Plaintiff based his claims on the *Ex Post Facto* Clause and the Due Process Clause of the Fourteenth Amendment.. The Ninth Circuit wants to know whether you think this appeal is taken in good faith.

      An appeal not taken in good faith is one that is frivolous, meaning the result is obvious or the arguments are wholly without merit. <u>See</u> <u>Cannon v. Hawaii Corp. (In re Hawaii Corp.)</u>, 796 F.2d 1139, 1144 (9th Cir.1986) (<u>quoting</u> <u>Libby, McNeill and Libby v. City National Bank</u>, 592

1  F.2d 504, 515 (9th Cir.1978); Jaeger v. Canadian Bank, 327 F.2d 743, 746 (9th Cir.1964).

2  The Ninth Circuit will review this case *de novo*.  Llamas v. Butte Cmty. Coll. Dist., 238
3  F.3d 1123, 1126 (9th Cir.2001).

4  Plaintiff claimed the following: (1) defendant's imposition of a fee to collect and
5  distribute a $100 fine imposed for a 1992 conviction violated the *Ex Post Facto* Clause; (2)
6  increasing the percentage deducted from deposits to his trust account in order to satisfy a
7  restitution fine of $10,000 for a crime committed in 1997 constituted application of an *ex post*
8  *facto* law; (3) charging an administrative fee for collecting and distributing payments for the
9  $10,000 restitution fine constituted application of an *ex post facto* law; (4) increasing the
10 percentage deducted from deposits to his trust account to satisfy the restitution fine for the 1997
11 offense violated his right to procedural due process*;* and (5) charging an administrative fee to
12 collect and distribute this restitution fine violated due process. The magistrate judge found that
13 there were no genuine issues of material fact.  As to the first claim, the magistrate judge found
14 there was no evidence that the fine was based on the retrospective application of a statute.  On
15 the second claim, the magistrate judge found that the deductions were made pursuant to the same
16 version of the statute in effect at the time of the offense for which plaintiff was convicted.  The
17 third claim failed because the statute pursuant to which the fee was imposed clearly permitted in
18 1997 what plaintiff alleges to have been unconstitutional: charging a 10% administrative fee for
19 the deduction and distribution of the restitution fine.   On plaintiff's due process claims, the
20 magistrate judge found that plaintiff had a property interest in the funds held in his trust account.
21 But as to the fourth claim, the applicable statute required restitution fines and did not require a
22 set schedule.  Furthermore, the statute put him on notice of the increased deductions, counsel did
23 not object to increased deductions over time, and counsel did not request a set payment schedule.
24 Finally, on the fifth claim, the magistrate judge found that the administrative fee statutorily was
25 required and the statute was cited in the sentencing order, and plaintiff, represented by counsel at
26 sentencing, failed to adduce evidence that he did not know of the statute's requirements.

1  In his objections to the findings and recommendations, plaintiff did not show that the
2  magistrate judge overlooked any facts that call the findings into question, and he cannot adduce
3  new evidence on appeal. Nor did plaintiff demonstrate that there was any legal error in the
4  findings and recommendations. Therefore, the outcome of the appeal most likely is a foregone
5  conclusion.

6  For these reasons, the court finds that plaintiff's appeal is not taken in good faith.

7  IT IS SO ORDERED.

8  DATED: November 8, 2007.

```
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT
```